E-filing

1  R. SCOTT ERLEWINE (State Bar No. 095106)
   PHILLIPS, ERLEWINE & GIVEN LLP
2  One Embarcadero Center, Suite 2350
   San Francisco, California 94111
3  Telephone: (415) 398-0900
   Facsimile: (415) 398-0911
4
   Attorneys for Plaintiff KAREN JAMIOLKOWSKI
5
   MITCHELL F. BOOMER (State Bar No. 121441)
6  JOANNA L. BROOKS (State Bar No. 182986)
   JACKSON LEWIS LLP
7  139 Fremont St., 10th Floor
   San Francisco, CA 94105
8  Telephone: (415) 394-9400
   Facsimile: (415) 394-9401
9
   Attorneys for Defendant Krueger International and Richard Resch
10

**FILED**

JUL 2 1 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14

15
   KAREN JAMIOLKOWSKI,                    )   CASE NO. C 05-00053 MJJ
16                                        )
                    Plaintiff,            )
17                                        )
        v.                                )   **REVISED STIPULATION FOR A**
18                                        )   **PROTECTIVE ORDER; ORDER**
   KRUEGER INTERNATIONAL, INC., a         )
19 Wisconsin corporation; RICHARD J. RESCH,)
   an individual; and DOES 1 through 20,  )
20 inclusive,                             )
                                          )
21                  Defendants.           )
                                          )
22                                        )
                                          )
23                                        )
                                          )
24                                        )
                                          )
25 _____)

26

27

28

PHILLIPS, ERLEWINE
& GIVEN LLP
One Embarcadero Center
Suite 2350
San Francisco, CA 94111
(415) 398-0900

STIPULATION FOR A PROTECTIVE ORDER; ORDER- USDC Case No. C 05-00053 MJJ
S:\Clients\Jamiolkowski\8235.1\Pld\rse-stip-prot-order-071205.wpd

Case 3:05-cv-00053-MJJ    Document 15    Filed 07/12/2005    Page 2 of 7

The parties stipulate to a protective order in the following form:

1. This Protective Order ("Order") shall govern all documents, materials, deposition testimony, things, and any other information (collectively, "Information") produced or disclosed in the course of this litigation by any party.

2. Counsel for any party (hereinafter "Party") may designate a portion or all of any documents, deposition testimony or other information taken, given or exchanged in the course of pretrial discovery in this Action, "Confidential Information" or "Highly Confidential Information" when such Party or counsel for such Party in good faith believes that the designated portion of such document, material or information is of a confidential or proprietary nature and is not available to the public. The information sought to be protected must also be properly subject to protection under Rule 26 (c) of the Federal Rules of Civil Procedure. The designation by any Party of a portion or all of any document, material or information as "Confidential" shall constitute a representation that such document, material or information has been reviewed by an attorney (or paralegal or other professional acting under such attorney s direction) for the Party, that there is a good faith basis for such designation, and that such designation is limited to only those portions or pages of the material deemed in good faith to be confidential.

3. The designation by any Party of a portion or all of any document, material or information as "Highly Confidential Information— Attorneys Eyes Only" under the terms of this order means information which, according to a party, is of an unusually confidential or proprietary nature. "Highly Confidential Information—Attorneys Eyes Only" is Information which is only for the eyes of counsel, its legal assistants and its legal staff, as well as the Court, and shall not be disclosed to a party or to an officer, director, or employee of a party unless such disclosure is agreed to by all parties hereto in writing or ordered by the Court.

4. All Confidential Information or Highly Confidential Information—Attorneys Eyes Only shall be used solely for the prosecution, defense, or settlement of this action and shall not be used for any other purpose. Any person receiving Confidential Information or Highly Confidential Information—Attorneys Eyes Only shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

PHILLIPS, ERLEWINE
& GIVEN LLP
One Embarcadero Center
Suite 2350
San Francisco, CA 94111
(415) 398-0900

STIPULATION FOR A PROTECTIVE ORDER; ORDER- USDC Case No. C 05-00053 MJJ

2

1    5. The parties shall designate Confidential Information and Highly Confidential
2    Information—Attorneys Eyes Only by, in the case of documents and other tangible things,
3    marking such Information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—
4    ATTORNEYS EYES ONLY," respectively, at or prior to the time of production and in such a
5    manner as not to interfere with the legibility of the document. Marking "CONFIDENTIAL" or
6    "HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY" on the cover of any multi-page
7    documents shall designate all pages of the documents as Confidential Information or Highly
8    Confidential Information—Attorneys Eyes Only, respectively, unless otherwise indicated.

9    6. Confidential Information produced or disclosed pursuant to this Order may be
10   disclosed or made available only to counsel for a party (including paralegal, clerical and
11   secretarial staff employed by such counsel); to judges, magistrates, law clerks and other
12   personnel of the Court before which this action is pending (including stenographic reporters
13   regularly employed by the Court); and to the following "qualified persons":

14       a.    Any expert or consultant (including any employee of said expert or
15   consultant) who is employed, retained, or otherwise consulted by a party to this Order, or its
16   attorney (provided, however, that the expert or consultant must return all documents and copies
17   thereof to the party or attorney who retained the expert or consultant upon resolution of this
18   action or the end of the expert's engagement, whichever comes first);

19       b.    Stenographic reporters not regularly employed by the Court, who are
20   engaged in such proceedings as are necessary to conduct this action;

21       c.    Any party to this action, or any officer, director or employee of a party to
22   this action, to the extent deemed necessary by counsel for the prosecution or defense of this
23   litigation; and

24       d. Deponents, to the extent deemed necessary by counsel for the prosecution or
25   defense of this litigation.

26       e. Any witness, to the extent such witness authored, received, was copied on or
27   previously saw the document or the document involves a complaint (formal or informal), claim
28   or lawsuit filed by such witness.

PHILLIPS, ERLEWINE
& GIVEN LLP
One Embarcadero Center
Suite 2350
San Francisco, CA 94111
(415) 398-0900

STIPULATION FOR A PROTECTIVE ORDER; ORDER- USDC Case No. C 05-00053 MJJ
S:\Clients\Jarniolkowski\8235.1\Pld\rso-stip-prot-order-071205.wpd

3

7. Prior to receiving any Confidential Information, a "qualified person" must first complete a Confidentiality Agreement incorporating the terms of the model agreement attached hereto as Exhibit A. Each original affidavit shall be held by counsel for the producing party, and shall be subject to appropriate discovery.

8. Entering into, agreeing to and/or complying with the terms of this Order shall not:

    a. Prejudice in any way the right of any party to object to the production of documents or Information it considers not subject to discovery, to seek from the Court, by application to the judge assigned to discovery issues, a determination whether particular designated material should be produced, or to contest whether Information designated Confidential Information and Highly Confidential Information—Attorneys Eyes Only has been misdesignated;

    b. Prejudice in any way the right of any party to apply to the Court to modify the terms of this Order or to move the Court for a further protective order;

    c. Prejudice in any way the right of any party to use, or object to the use of, any designated material at any hearing or at trial of the action; or

    d. Affect the obligations of any party or person to comply with the terms of any compulsory process.

9. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

10. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

11. For applications and motions to the Court on which a party hereto submits Confidential Information or Highly Confidential Information—Attorneys Eyes Only, all documents and chambers copies containing such information which are submitted to the Court for filing shall be submitted in sealed envelopes or other appropriate sealed containers. On the outside of the envelopes, a copy of the first page of the documents shall be attached. If such information is included in the first page attached to the outside of the envelopes, it may be

PHILLIPS, ERLEWINE
& GIVEN LLP
One Embarcadero Center
Suite 2350
San Francisco, CA 94111
(415) 398-0900

STIPULATION FOR A PROTECTIVE ORDER; ORDER- USDC Case No. C 05-00053 MJJ
S:\Clients\Jamiolkowski\8235.1\Pld\rse-stip-prot-order-071205.wpd

4

1  deleted from the outside copy. The word "CONFIDENTIAL" shall be stamped or marked on the
2  envelope and a statement substantially in the following form shall also be printed on the
3  envelope:

> **This envelope is sealed pursuant to Order of the Court, contains Confidential Information or Highly Confidential Information—Attorneys Eyes Only and is not to be opened or the contents revealed, except by Order of the Court or agreement by the relevant parties.**

12. Any discovery material to be treated as Confidential Information by reason of this Order may be made an exhibit or referred to at any expert deposition herein, but the portion of the transcript which refers to any such Confidential Information, or the entirety of the transcript, shall be treated as Confidential Information or Highly Confidential Information—Attorneys Eyes Only.

13. Any party may object to the designation of particular Information as "Confidential Information" or "Highly Confidential Information—Attorneys Eyes Only" by giving written notice to the producing party and to all other parties. Such notice shall identify with specificity the Information to which the objection is directed and the basis of the objection. If any party challenges a designation of Information as Confidential Information or Highly Confidential Information—Attorneys Eyes Only and such dispute cannot be resolved by the parties within seven (7) business days of receipt of such notice, the objecting party may file a motion with the Court for a ruling that certain Information designated as Confidential Information or Highly Confidential Information—Attorneys Eyes Only is not entitled to confidential treatment under this Order. The confidential status of the Information at issue shall be maintained pending the Court's ruling on the motion.

14. In the event that counsel representing any Party in this Action believes that it is necessary to disclose Confidential Information or Highly Confidential Information - Attorneys Eyes only - to an individual to whom disclosure is not permitted by this Order, such counsel shall deliver by hand or by fax to counsel for the Party which has made the confidentiality designation, a letter ("Disclosure Letter") identifying the individual or category of individual to whom it is desired to make such disclosure and the Confidential Information or Highly Confidential

PHILLIPS, ERLEWINE
& GIVEN LLP
One Embarcadero Center
Suite 2350
San Francisco, CA 94111
(415) 398-0900

STIPULATION FOR A PROTECTIVE ORDER; ORDER- USDC Case No. C 05-00053 MJJ
S:\Clients\Jamiolkowski\8235.1\Pld\rse-stip-prot-order-071205.wpd

5

1  Information - Attorneys Eyes Only - involved, by such means as category, bates-stamp number or
2  general description. Within three (3) court days of the receipt by hand or by fax of the Disclosure
3  Letter, counsel for the designating Party may object to such disclosure by delivering by hand or
4  by fax a written objection thereto to counsel serving the Disclosure Letter. Failure to so object
5  constitutes a consent to such disclosure. In the event of a due and timely objection, the Parties
6  shall then meet and confer in good faith to resolve the issue of disclosure. If the Parties are
7  unable to resolve their disagreements within three (3) Court days following receipt of the
8  objection (or such longer time as they may fix in writing), the Party seeking disclosure shall
9  within five (5) Court days thereafter file a noticed motion before the Court for an order that such
10 disclosure be permitted, with the hearing on said motion to be set on the first available date
11 convenient to all counsel, but in any case within thirty (30) days. Failure to so move constitutes a
12 consent to the objection. In the event that a designating Party timely objects to such disclosure,
13 such Confidential Information or Highly Confidential Information - Attorneys Eyes Only shall
14 not be disclosed to any individual other than those to whom disclosure is permitted by the
15 provision of this Order until such dispute has been resolved by agreement of the Parties or by
16 order of the Court. At the hearing on the motion for an order prohibiting disclosure, the burden
17 shall be on the Party seeking disclosure. Nothing contained herein shall limit the right of any
18 Party to make an ex parte application (upon customary notice) to shorten or extend the foregoing
19 deadlines for good cause shown.

20    15. All provisions of this Order restricting the communication and use of Confidential
21 Information or Highly Confidential Information—Attorneys Eyes Only shall continue to be
22 binding at the conclusion of this action unless otherwise agreed or ordered. All documents
23 designated Confidential Information or Highly Confidential Information—Attorneys Eyes Only
24 and produced in this action—together with all copies, notes, or other transcriptions made
25 therefrom—shall be returned to the producing party within sixty (60) days of the conclusion of
26 this action. Notwithstanding the immediately preceding sentence, documents which contain
27 communications or information protected by a privilege or by the work-product doctrine may be
28 retained by the possessing party but shall be maintained as Confidential Information or Highly

PHILLIPS, ERLEWINE
& GIVEN LLP
One Embarcadero Center
Suite 2350
San Francisco, CA 94111
(415) 398-0900

STIPULATION FOR A PROTECTIVE ORDER; ORDER- USDC Case No. C 05-00053 MJJ
S:\Clients\Jamiolkowski\8235.1\Pld\rso-stip-prot-order-071205.wpd

6

Case 3:05-cv-00053-MJJ   Document 16   Filed 07/21/05   Page 7 of 7
07/12/2005 16:46 FAX 415 541 9055   JACKSON, LEWIS SF   ☒002
Case 3:05-cv-00053-MJJ   Document 15   Filed 07/12/2005   Page 7 of 7

1. Confidential Information—Attorneys Eyes Only, shall be subject to the applicable prohibitions against disclosure and shall be prominently marked, or be stored in an envelope or other container prominently marked, with a legend identical or substantially similar to "Do not disclose. Subject to Confidentiality Order."

16. The court shall have jurisdiction to enforce the terms of this order until six months after final termination of this action.

DATED: July 12, 2005        PHILLIPS, ERLEWINE & GIVEN LLP

By: _____
R. Scott Erlewine
Attorneys for Plaintiff Karen Jamiolkowski

DATED: July 12, 2005        JACKSON LEWIS, LLP

By: _____
JoAnna L. Brooks
Attorneys for Defendants

**ORDER**

IT IS SO ORDERED:

Dated: 7/21/2005        _____
UNITED STATES DISTRICT COURT JUDGE