United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAREN JAMIOLKOWSKI,

    Plaintiff,

v.

KRUEGER INTERNATIONAL, RICHARD J. RESCH,

    Defendants.
_____/

No. C 05-00053 MJJ (WDB)

ORDER FOLLOWING JANUARY 19, 2006, DISCOVERY HEARING

    On January 19, 2006, the Court conducted a discovery hearing in the above-referenced case. For reasons articulated more thoroughly on the record, the Court ORDERS as follows:

    1. Plaintiff recently filed two administrative motions for sealing orders pursuant to Civil Local Rule 79-5(d). At this juncture, the Court GRANTS these motions (docket numbers 48 and 49). The Court does NOT, however, preclude plaintiff from filing a future motion to unseal those documents. If plaintiff files such a motion, the Court will review the matter de novo.

    2. Defendants also filed an administrative motion for a sealing order in connection with the instant discovery disputes (docket number 23). As to certain documents, (Exhibits K and L to the Supplemental Declaration of Gregory A. Grobe Attaching Sealed Documents In Support of Defendants' Motion to Quash Subpoenas of Stephen Katz, Valerie Legato, and

1

Nineve Iliev) ("Grobe Declaration"), the Court hereby GRANTS this motion.[1] Again, the Court does NOT preclude plaintiff from filing a future motion to unseal those documents. If plaintiff files such a motion, the Court will review the matter de novo.

Defendants' motion to seal also encloses additional documents (Exhibits G, H, I, and J to the Grobe Declaration).[2] As stated at the hearing, the Court construes defendant's motion (as to these documents) as a motion for *in camera* review of those documents. The Court DENIES this motion. As stated on the record, the Court has not reviewed these documents.[3] Court staff will return those documents to defendants.

3. **In the future, the Court hereby expressly permits the parties to file documents under seal without obtaining the separate Court Order ordinarily required by Civil Local Rule 79-5.** To reiterate, upon a request to do so from either party, the Court ORDERS Clerk's Office staff to file documents under seal in this case <u>without</u> a separate Sealing Order from either Judge Jenkins or Magistrate Judge Brazil.

After a party has filed a document under seal pursuant to the above-referenced Order, the opposing party is permitted to file a motion to unseal. Magistrate Judge Brazil will review the motion de novo.

4. In the paragraphs that follow, Magistrate Judge Brazil permits plaintiff to proceed with certain specified depositions. As to all testimony given at those depositions, as well as any documents produced in connection with or reviewed during the depositions, the Court enters the following Protective Order: any and all documents or information disclosed to plaintiff in connection with these depositions regarding any persons other than plaintiff can be used only for the purposes of plaintiff's lawsuit, cannot be disclosed to anybody else

---

[1] It is the Court's understanding that plaintiff's counsel has access to these documents.

[2] It is the Court's understanding that plaintiff's counsel does NOT have access to these documents.

[3] The Court's staff viewed the documents only to the extent necessary to determine the nature of the documents and to separate them from those documents to which plaintiff's counsel had access.

without prior permission from defendants or the Court, and must be returned to defendants at the end of this litigation. If plaintiff makes copies of any documents that fall within this Protective Order, those documents must be destroyed at the conclusion of the litigation.

5. Defendants' motion for a protective order prohibiting outright the depositions of Debbie Brunig, Mary Ann Ray, Jodi Roberts, Ivy Berman, and Nineve Iliev is DENIED. Defendants' alternative request for a protective order "prohibiting Plaintiff's counsel from asking any questions not directly relevant to Plaintiff's own allegations, and specifically [limiting] any such questioning to knowledge about Plaintiff's allegations against Defendants" is also DENIED. Defendants have not persuaded the Court that such restrictions are justified.

6. Defendants' motion for a protective order limiting the questioning of anticipated deponent Amy Perrault is DENIED. Plaintiff is permitted to depose Ms. Perrault on a broad range of topics including but <u>not</u> limited to (i) her knowledge of Mr. Resch's relationships with former and present female employees; (ii) her knowledge of Mr. Resch's alleged practice of tape-recording certain conversations in his office and whether he ever taped conversations with plaintiff; (iii) whether she has any reason to believe that Mr. Resch ever set up or adjusted his schedule so as to facilitate or further an extra-professional relationship with a current female employee; (iv) her role (if any) in the creation or adjustment of Mr. Resch's schedule so as to facilitate or further an extra-professional relationship with a current female employee; (v) whether Mr. Resch ever asked her to set up or adjust the schedule of a current female employee in whom she had any reason to believe Mr. Resch had an extra-professional interest; (vi) whether she has ever set up or adjusted the schedule of a female employee in whom she had any reason to believe Mr. Resch had an extra-professional interest without being asked to do so by Mr. Resch; (vii) whether she ever asked a current female employee in whom she had any reason to believe Mr. Resch had an extra-professional interest to entertain or otherwise meet with Mr. Resch while he was in town for a business

1  meeting; and (viii) her knowledge of any communications between Mr. Resch and plaintiff, Debbie Brunig, Mary Ann Ray, Jodi Roberts, Ivy Berman, Nineve Iliev, or Valerie Legato.

7. Defendants' motion for a protective order prohibiting the deposition of Valerie Legato is DENIED. At her deposition, plaintiff's counsel may question Ms. Legato regarding her personal experiences with Mr. Resch, her experiences with the two KI vice-presidents who allegedly assaulted her, any communication she had with Mr. Resch regarding these experiences, and any communications she had with anyone at KI or associated with Mr. Resch regarding her experiences with either the two KI Vice-Presidents or Mr. Resch. The Court RESERVES JUDGMENT as to whether plaintiff's counsel may also depose Ms. Legato regarding the settlement of her own litigation against KI and Mr. Resch. The Court also RESERVES JUDGMENT as to whether plaintiff's counsel may depose attorney Stephen Katz.

8. **By February 2, 2006**, defense counsel must send a letter to the Court, via the Court's electronic filing system, that states whether defendants will stipulate that they will not introduce (or attempt to introduce) into evidence the fact, content, or timing of either Ms. Legato's settlement with KI or her earlier dismissal of Mr. Resch from her lawsuit. If defendants state that they are willing to so stipulate, no further submissions will be permitted and the Court will grant defendants' motion for a protective order prohibiting the deposition of Mr. Katz and will preclude plaintiff's counsel from asking Ms. Legato questions regarding the settlement (and dismissal of Mr. Resch) at her deposition.

If defendants state that they will not so stipulate, they must attach a supplemental brief to their letter. This supplemental brief must (i) address whether federal or California law applies to defendants' contention that a 'settlement privilege' prohibits disclosure of documents or communications relating to the Legato/KI settlement (and dismissal of Mr. Resch), and (ii) set forth arguments under both federal and California law discussing whether and to what extent the 'settlement privilege' would protect the documents and

4

communications at issue in this matter. Plaintiff must file her response to defendants' supplemental brief **by February 13, 2006**.

9. The Court notes that the attorney-client privilege exists independently of any alleged 'settlement privilege.' If any party or deponent asserts the attorney-client privilege, that person has the burden of making a *prima facie* showing that the privilege attaches.

10. The parties are cautioned that they must make good-faith meet and confer efforts before they approach the Court regarding any future discovery dispute. Failure to do so may result in sanctions.

IT IS SO ORDERED.

Dated: January 20, 2006

      /s/ Wayne D. Brazil
WAYNE D. BRAZIL
United States Magistrate Judge

Copies to:

    All parties,
    WDB, Stats, MJJ